| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

Emanuel Gibson, §
  §
       Plaintiff, §
  §
versus §   Civil Action H-21-1831
  §
City of Houston, et al., §
  §
       Defendants. §

## Opinion on Dismissal

1. *Background.*

Emanuel Gibson complains generally about eight interactions from 2020 that he had with officers of the Houston Police Department that he found unsatisfactory: (a) being strip searched and arrested, (b) an incomplete police report, (c) an officer yelling at him, (d) not getting a response from an Internal Affairs complaint, (e) no help getting an allegedly stolen bicycle back, (f) an error in a police report, (g) food that was thrown at him was misidentified in a police report, and (h) the police did not follow up on a report he made about people breaking into his home in Mississippi.

On June 4, 2021, Gibson sued the City of Houston under 42 U.S.C. § 1983 for violating his First, Fourth, and Fourteenth Amendment rights. The City has moved to dismiss. It will prevail.

2. *Section 1983.*

To succeed on a municipal liability claim, Gibson must show that: (a) his constitutional rights were violated; (b) by an official City policy; (c) enacted by the City's policymaker; and (d) that policy was the moving force behind the violation.[1] The City is not liable just for the potential wrongdoing of its officers.[2]

---

[1] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

[2] *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010).

Gibson says that the policies that the City's officers violated were:
a. Texas statutes related to (1) harassment, (2) official misconduct, (3) indecent exposure, (4) criminal procedure, (5) official oppression, (6) perjury, and (7) others that were unspecified;
b. City ordinances related to (1) littering, (2) impeding roadways, (3) taking custody of property, (4) establishing the Houston Police Department, (5) smoking, (6) aiding and abetting, (7) investigating employee misconduct, and (8) others that were unspecified; and
c. an Houston Police Department General Order about its officers not covering up crimes.

He insists that the City's actions were "motivated by an immoral motive and intent and are committed with reckless and callous indifference to" his First, Fourth, and Fourteenth Amendment rights. He claims that he "has been deprived and co[ntinues] to [be] deprive[d] ... of [his] liberty and property without due process of law, lost ... income, and los[s] of completing educational goals.

Gibson does not identify a policymaker. Most of the arguable policies that apply to the City that he has pleaded – the City ordinances and general order – are vague, unspecified, or irrelevant. He has not pleaded how the other ordinances were the moving force behind his injuries.

His sporadic and inconsistent encounters with the City's officers are inadequate to establish a pattern that would make the City liable. Legal conclusions and vague assumptions about the City's intent are insufficient.

Gibson's municipal liability claim will be dismissed.

3. *Conclusion.*
Emanuel Gibson's claim against the City of Houston will be dismissed.

Signed on September 22, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge